UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| CALVIN H. SICKLES, JR., ) | |
| ) | |
| Plaintiff, ) | Civil No. 2: 20-035-WOB |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| CAMPBELL CO. DET. CENTER, *et al.*, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Calvin H. Sickles, Jr., is an inmate currently confined at the Grant County Detention Center in Williamstown, Kentucky. Proceeding without an attorney, Sickles has filed a civil rights action pursuant to 42 U.S.C. § 1983 against two facilities where he was previously confined, as well as the medical provider Southern Health Partners. [R. 2.] The Court previously granted Sickles's request to proceed as a pauper in this case. [R. 8.] Accordingly, the Court now conducts a preliminary review of Sickles's claims. *See, e.g.*, 28 U.S.C. § 1915; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss any portion of Sickles's complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Because Sickles is proceeding without an attorney, the Court evaluates his complaint under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). And, at this stage of the proceedings, the Court accepts Sickles's factual allegations as true and liberally construes the legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Upon review, the Court finds that even when liberally construing the complaint Sickles's claims must be dismissed. The complaint sets forth several different claims, though none are supported in great detail. Nevertheless, Sickles in broad terms alleges that he was denied adequate medical treatment for a skull injury at the Kenton County Detention Center, that he was denied mental health treatment at the Campbell County Detention Center, that he was denied a copy of his medical records by the Campbell County Detention Center, and that both the Kenton and Campbell County Detention Centers charged him for certain housing fees when they should not have. [R. 2.] The complaint identifies no individual defendants. Instead, it names only the Campbell County Detention Center, the Kenton County Detention Center, and Southern Health Partners as entities.

To begin, Sickles's various claims against the two detention facilities are not directed at the appropriate defendant(s), because a county jail or detention center is not a suable entity apart from the county that operates it. *See, e.g., Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). And even if the Court construed Sickles's various claims against the Campbell and Kenton County Detention Centers as ones against Campbell and Kenton Counties, the claims as pled would still warrant dismissal. "To prevail in a § 1983 claim against a municipality, a plaintiff must show that the alleged federal right violation occurred because of a municipal policy or custom." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Sickles does not allege that any of his claims are the product of any county policies or customs. [R. 2.] Section 1983, therefore, provides Sickles with no relief from Campbell and Kenton Counties for his medical care claims, his medical record access (or alleged lack thereof), a claim, and his claim regarding fees collected by the two detention centers.

Further, Sickles's allegations of inadequate medical care also fail to state a valid constitutional claim for purposes of 42 U.S.C. § 1983. Sickles states that the Kenton County Detention Center and Southern Health Partners failed to adequately treat skull injuries he suffered before arriving at the facility, and also that the Campbell County Detention Center and Southern Health Partners denied him mental health treatment. [*Id.* at 2-3.] An inmate does have a right to receive constitutionally adequate medical care for both his physical and mental health needs. *See, e.g., Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (explaining the Eighth Amendment's prohibition of cruel and unusual punishment "encompasses a right to medical care for serious medical needs, including psychological needs"). However, in order to state a cognizable Eighth Amendment claim for inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Notably, allegations of medical malpractice or negligent diagnosis and treatment are not cognizable in the constitutional context. *See, e.g., Alexander v. Federal Bureau of Prisons*, 227 F. Supp. 2d 657, 665 (E.D. Ky. 2002). Deliberate indifference is something more and requires a two-part inquiry: "both an objective component (was the deprivation sufficiently serious?) and a subjective component (did the officials act with a sufficiently culpable state of mind?)" must be proven before relief may be granted. *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)).

Here, Sickles fails to adequately plead both the objective and subjective components of his deliberate indifference claims. He does not allege that anyone at either detention center or Southern Health Partners actually knew of the severity of his skull injuries or mental health needs, though he implies they should have known. But even if the objective components of Sickles's

claims were satisfied, he also fails to allege that anyone specifically and intentionally ignored his need for treatment. Overall, Sickles's claims lack detail and, at most, allege negligence, even considering the claims with the leniency due a *pro se* party. This is insufficient in a § 1983 action. *See, e.g., Perez*, 466 F.3d at 423 ("[T]he Eighth Amendment prohibits mistreatment only if it is tantamount to punishment, and thus courts have imposed liability upon prison officials only where they are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain.") (internal quotation marks and citations omitted).

For these reasons, the Court finds that Sickles's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Prison Litigation Reform Act provides for dismissal of the action, and the Court hereby **ORDERS** as follows:

1. Sickles's complaint [R. 2] is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B);

2. Judgment will be entered contemporaneously herewith; and

3. This matter is **CLOSED** and **STRICKEN** from the Court's active docket.

This 20th day of April, 2020.



Signed By:
*William O. Bertelsman* WOB
United States District Judge